IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Donald Gene Kerr, | ) | C/A No.: 1:15-29-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Nancy A. Berryhill,[1] Acting Commissioner of Social Security Administration, | ) ) ) ) | |
| Defendant. | ) ) | |

This matter is before the court on Plaintiff's counsel's motion for fees under 42 U.S.C. § 406(b). [ECF No. 22]. On September 11, 2015, the court reversed the Commissioner's decision that had denied Plaintiff's claim for social security disability benefits and remanded the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). [ECF No. 16]. On September 29, 2015, the court issued an order granting Plaintiff's motion for fees under the Equal Access to Justice Act ("the EAJA") and directing the Commissioner to pay Plaintiff $5,000. [ECF No. 22]. The Commissioner subsequently awarded total past-due benefits in the amount of $61,286. [ECF No. 23 at 1]. On November 28, 2017, counsel requested the court authorize a fee in the amount of $15,321.50, which represents 25% of past-due benefits resulting from the claim, as agreed to by Plaintiff in the contingent fee agreement dated December 8, 2013. [ECF Nos. 22 at 1 and 22-2 at 1]. Counsel represented that he had consulted with and

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Fed. R. Civ. P. 25(d), Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this lawsuit.

obtained the Commissioner's consent to the fee through email correspondence with Assistant Regional Counsel Patricia Stewart in the Social Security Administration's Office of the General Counsel. [ECF No. 22-3]. The court has considered the motion for fees, and for the reasons that follow, the court approves the motion under 42 U.S.C. § 406(b), as set forth herein.

I.     Consideration of Motion for Attorney Fees Under 42 U.S.C. § 406(b)

When a court renders a favorable judgment to a claimant in a claim brought against the Commissioner, the court may "determine and allow as part of its judgment a reasonable fee" to the claimant's attorney that is "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reasons of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court held in *Gisbrecht v. Barnhardt*, 535 U.S. 789 (2002), that 42 U.S.C. § 406(b) instructs courts to review contingent fee agreements for reasonableness where the agreed-upon fee does not exceed the statutory ceiling of 25%. However, the contingent fee may be reduced from the agreed-upon amount "when (1) the fee is out of line 'with the character of the representation and the results . . . achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" *Mudd v. Barnhardt*, 418 F.3d 424, 427 (4th Cir. 2005), *citing Gisbrecht* at 808.

Counsel filed a copy of the contingent fee agreement, signed by Plaintiff, which provides in relevant part:

> I agree to pay the firm a contingent fee of 25% of the recovery from this case. This fee shall be taken out of the gross recovery, before any medical

2

bills or other costs are subtracted. This fee shall constitute a lien on any judgment or settlement. The above fee applies whether the case is granted outright by the U.S. District Court or granted upon remand.

[ECF No. 22-2 at 1]. Because the agreed-upon fee does not exceed the statutory ceiling of 25% set forth in *Gisbrecht*, the court considers only the reasonableness of the fee.

The court concludes that the fee is not out of line with the character of the representation and the results achieved. Counsel represented the claimant over a period of more than six years in both administrative and district court proceedings. *See* ECFs No. 11-1 at 133; 23. Counsel obtained total past-due benefits on claimant's behalf in the amount of $61,286 for the period from August 9, 2012, through July 2017. [ECF No. 23 at 1–2]. In consideration of the nature of the representation at both the administrative and district court levels, the period of the representation, and the amount of past-due benefits obtained for Plaintiff, the court concludes that the fee is not out of line with the character of the representation and the results achieved.

The court further determines that counsel did not cause any delays that affected the accumulation of past-due benefits during the pendency of the case in this court. Counsel filed briefs prior to the deadlines and requested no extensions. *See* ECF Nos. 10, 12, 13, and 14.

The court finds that the requested fee is not large in comparison to the amount of time counsel spent on the case. The record reflects that counsel represented the claimant for 31 hours at the district court level. [ECF No. 22-1 at 1]. Although an hourly rate of $494.24 seems excessive, the court may consider as part of the reasonableness determination the work expended by counsel at the agency level. *See Mudd v. Barnhardt*,

418 F.3d 424, 428 (4th Cir. 2005) (while the court may not award attorney's fees based on the attorney's work at the agency level, the court may consider "as one factor in its reasonableness determination, the work performed by counsel on the case when it was pending at the agency level"). The court remanded the case to the agency on September 11, 2015. [ECF No. 16]. Counsel represented Plaintiff at the agency level from July 8, 2011, through December 18, 2014, and again from September 11, 2015, through November 23, 2017. ECF Nos. 11-1 at 1 and 133; 16; and 23. Based on the length of the administrative process and result achieved, the court concludes counsel devoted substantial time to the claim at the administrative level. In light of the foregoing, the requested fee is not unreasonably large in comparison to the amount of time counsel spent on the case.

The court finds that the contingent fee agreement complies with 42 U.S.C. § 406(b)(1)(A) in that it is both reasonable and does not exceed the statutory maximum fee. Therefore, the court grants Plaintiff's counsel's motion for fees under 42 U.S.C. § 406(b) and approves a total attorney's fee of $15,321.50.

II.   Refund of EAJA Fees

The *Gisbrecht* Court directed that the attorney should refund the smaller fee to "the claimant" when the attorney obtained fees under both the EAJA and 42 U.S.C. § 406(b). Therefore, the court directs counsel, upon receipt of the total fee approved herein, to refund to Plaintiff the $5,000 EAJA fee paid in this action.

IT IS SO ORDERED.

November 29, 2017                    Shiva V. Hodges
Columbia, South Carolina             United States Magistrate Judge